**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

UNITED STATES OF AMERICA

v.                                                          NO. 2:94cr28

LORENZO MASON,

      Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, and Rules 32.1 and 46(c) of the Federal Rules of Criminal Procedure, the Court held a preliminary and detention hearing on February 8, 2006. For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant violated terms and conditions of his supervision and that his detention is warranted.

The defendant was convicted of distribution of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1), a Class A felony. On August 1, 1994, the defendant was sentenced to a term of 121 months in prison, a five-year term of supervised release, and a special assessment of $50.00  The court imposed general and special terms and conditions on the defendant's supervision. The defendant began serving his period of supervised release on May 6, 2002, following his release from confinement.

On October 23, 2003, United States Probation Officer Robert W. Ellis filed a Petition on Supervised Release, alleging that the defendant violated the terms and conditions of his supervised

release.  Specifically, the Petition alleged that the defendant failed to satisfactorily participate in a drug treatment program, failed to follow the instructions of the probation officer by not appearing at the Probation Office to submit urine screens, and had tested positive for use of heroin on eight occasions.  A Summons was issued directing the defendant to appear on November 5, 2003, on the Supervised Release Violation Petition.

On November 3, 2003, the defendant appeared before the Court at which time an initial appearance was conducted and counsel was appointed.  The defendant was placed on a $5,000.00 personal recognizance bond and directed to appear before the Court on November 5, 2003, at 9:00 a.m. for arraignment.

On November 5, 2003, the defendant appeared before the Court for arraignment and a hearing on the Supervised Release Violation Petition was set for November 18, 2003, at 11:00 a.m.

The Defendant appeared before the Court on November 18, 2003, and the matter was continued to November 25, 2003, at 10:00 a.m.

On November 25, 2003, the defendant appeared before the Court for alleged violations of his supervised release.  At that time, defendant stipulated to the violations in the petition and the Court continued the matter generally on the condition that the defendant participate in and satisfactorily complete an inpatient drug rehabilitation program of 270 days.

On February 9, 2004, United States Probation Officer Robert W. Ellis filed a Petition on Supervised Release, alleging that the defendant violated the terms and conditions of his supervised release.  Specifically, the Petition alleged that the defendant failed to satisfactorily participate in a drug treatment program, and tested positive for the use of heroin.  A warrant was issued for the defendant's arrest on February 10, 2004, and he made his initial appearance before the Court on the Petition on February 10, 2004.  The Court appointed counsel to the defendant and he was temporarily detained.  A preliminary and detention hearing was scheduled for February 13, 2004, at 2:30 p.m.

The Court conducted a preliminary and detention hearing on February 13, 2004.  The Court appointed counsel and placed defendant on a $2,500.00 surety bond.  Defendant was directed to appear before the Court for arraignment on February 18, 2004, at 9:00 a.m.

The defendant appeared before the Court on February 18, 2004, and a hearing on the alleged supervised release violations was scheduled for March 10, 2004, at 2:00 p.m.

On March 10, 2004, the defendant appeared before the Court on the alleged violations of his supervised release.  The Court revoked the defendant's supervised release and the defendant was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of four (4) months.  Defendant was also

placed on fifty-six (56) months supervised release upon his release from confinement.  On June 10, 2004, the defendant's 56-month period of supervised release began.

On June 21, 2005, United States Probation Officer Charles D. L. Logan filed a Petition on Supervised Release, alleging that the defendant violated the terms and conditions of his supervised release.  Specifically, the Petition alleged that the defendant failed to submit monthly supervision reports as directed, failed to follow the instructions of the probation officer, failed to satisfactorily participate in a drug treatment program, and tested positive for the use of heroin and cocaine.  A warrant was issued for the defendant's arrest on June 22, 2005.

On February 1, 2006, United States Probation Officer Charles D. L. Logan filed an Addendum to Petition on Supervised Release, alleging that the defendant had violated the terms and conditions of his supervised release.  Specifically, the Petition alleged that the defendant was arrested on January 24, 2006 in Norfolk, Virginia and charged with Disorderly House and two counts of Possession with Intent to Distribute a Controlled Substance.

Defendant was arrested and made his initial appearance before the Court on February 6, 2005.  On that date, the Court ordered the defendant temporarily detained, directed appointment of counsel, and scheduled a detention hearing for February 8, 2006, at 11:00 a.m.

A preliminary and detention hearing was held on February 8, 2006, at which the defendant, with his counsel present, stipulated the existence of probable cause to believe that he committed the alleged violations of supervised release.[1]  See Fed. R. Crim. P. 32.1(b)(1)(A).  Accordingly, the Court FINDS the existence of probable cause to believe that the defendant committed the alleged violations of supervised release.

After probable cause was established, the defendant was required to prove by clear and convincing evidence that he did not pose a danger to the community or a risk of flight.  See 18 U.S.C. § 3143; Fed. R. Crim. P. 32.1(a)(6), 46(d).  Counsel for the Government and the defendant proceeded by proffer.  Counsel for the Government called the Court's attention to the Court's previous determinations that defendant had violated terms and conditions of his supervised release.  Counsel for defendant proffered that the defendant had been offered a place to stay by a relative and that defendant, having completed withdrawal from drugs while incarcerated on the state charges described in the Addendum to Petition, has an incentive to avoid using drugs pending the hearing on the Petition and Addendum, now set for February 28, 2006.

The Court FINDS that the defendant has violated terms and condition of his supervised release on previous occasions.  In

---

[1] The Court was advised that the charges described in the Addendum to Petition on Supervised Release have been dismissed without prejudice in state court.

addition, the Court FINDS that the defendant has received treatment for drug addiction on numerous occasions and has suffered relapses and has repeatedly returned to the use of drugs following treatment. Also, the Court FINDS that the defendant absconded from supervision on or about February 18, 2005, until his arrest on February 6, 2006, on the charges described in the Addendum to Petition on Supervised Release.

Accordingly, the Court FINDS that the defendant has failed to prove by clear and convincing evidence that he does not represent a risk of flight or a danger to the community if released. <u>See</u> 18 U.S.C. § 3143(a)(1).  Therefore, the Court ORDERS that the defendant be DETAINED.

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services

office at Norfolk, and (iv) counsel of record for the defendant.

>                                           /s/
>                             _____
>                             F. Bradford Stillman
>                             United States Magistrate Judge

Norfolk, Virginia

February 8, 2006